**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 98-10062

Summary Calendar

---

In The Matter Of: PAIGE B. BAYOUD

Debtor

- - - - - - - - - - - - - - - - - - - -
PHILIP S. BAYOUD,

Appellant,

VERSUS

JEFFREY H. MIMS, Trustee; BANC ONE MORTGAGE CORPORATION,

Appellees

---

Appeal from the United States District Court
for the Northern District of Texas

(3:97-CV-285-X)

---

September 30, 1998

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges

PER CURIAM:[*]

Philip Bayoud appeals from the district court's dismissal of his appeal to that court from the decision of the Bankruptcy Court. In a Chapter 7 proceeding involving the appellant's deceased brother, the Bankruptcy Court ruled that the debtor's condominium

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not exempt property under Texas law. Mr. Bayoud appealed that ruling to the district court where he subsequently argued that he held an ownership interest in the condominium and that the entire matter should be transferred to the probate court. However, since the appellant did not request a stay of the Bankruptcy Court's ruling, the trustee went ahead with plans to sell the condominium. The Bankruptcy Court authorized the sale of the condominium and then approved the sale of the condominium to Rhonda Bayoud and Ellen Bayoud, the debtor's niece and sister respectively. The trustee has apparently distributed all the proceeds of the sale. The appellant argues that the district court erred in dismissing his appeal and in not recognizing his ownership interest in the condominium.

We have reviewed the record and the parties' numerous briefs and AFFIRM the district court's judgment for essentially the same reasons set forth by the district court. <u>Bayoud v. Mims, et al.</u>, No. 3:97-CV-0285-X (N.D. Tex. Jan. 6, 1998).